IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAMION M. THOMAS,

Petitioner,

v.                              Civil Case No. 13-cv-689-DRH
                                Criminal Case No. 05-cr-30114-DRH

UNITED STATES OF AMERICA,

Respondent.

## MEMORANDUM & ORDER

HERNDON, Chief Judge:

This matter is before the Court on petitioner Damion M. Thomas' motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). On September 9, 2005, petitioner pled guilty to being a felon in possession of a firearm. Pursuant to 18 U.S.C. § 924(e), this Court sentenced petitioner as an "armed career criminal" to the mandatory minimum sentence of 15 years. On appeal, petitioner argued only that his sentence was unconstitutional because it was based on recidivism facts not pled in the indictment and proven to the jury beyond a reasonable doubt; a contention contrary to the current precedent at that time. *See Harris v. United States,* 537 U.S. 545, 568 (2002); *Almendarez-Torres v. United States,* 523 U.S. 224 (1998). On the basis of this controlling precedent, the Seventh Circuit summarily affirmed this Court's judgment. *See United States of America v. Thomas,* No. 06-1404 (7th Cir. Mar. 21, 2006). The Supreme

Court denied petitioner's petition for a writ of certiorari on June 19, 2006. *Thomas v. United States*, 547 U.S. 1217, 126 S. Ct. 2906 (2006). Petitioner has not previously moved to collaterally attack his conviction to the best of this Court's knowledge.

Petitioner's instant petition filed on July 16, 2013, cites 28 U.S.C. § 2255(f)(3), in light of the Supreme Court's recent decisions in *Alleyne v. United States*, --- U.S. ----, 133 S. Ct. 2151 (June 17, 2013), and *Descamps v. United States*, --- U.S. ----, 133 S. Ct. 2276 (June 20, 2013).

Without commenting on the merits of petitioner's claims, pursuant to Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS, the Court **ORDERS** the government to file a response to petitioner's motion on or before **August 21, 2013**. The government shall, as part of its response, attach all relevant portions of the record.

Additionally, petitioner requests appointment of counsel. The decision of whether to appoint counsel rests in the discretion of the district court, unless the denial of counsel would result in fundamental unfairness impinging on the petitioner's due process rights. *Winsett v. Washington,* 130 F.3d 269, 281 (7th Cir. 1997); *see* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."). Furthermore, the Seventh Circuit has noted that "[a] section 2255 proceeding is an independent civil suit for which there is no constitutional

right to appointment of counsel." *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992) (citing *Rauter v. United States*, 871 F.2d 693 (7th Cir. 1989)). Petitioner has not given this Court any reason to believe that the interests of justice require the unusual step of appointing counsel for his § 2255 motion. Accordingly, petitioner's request for counsel is **DENIED without prejudice**.

**IT IS SO ORDERED.**

Signed this 17th day of July, 2013.

Digitally signed by
David R. Herndon
Date: 2013.07.17
16:13:29 -05'00'

**Chief Judge
United States District Judge**